# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| MATT AZZARITO, on behalf of himself and all other similarly situated consumers,<br><br>Plaintiff,<br><br>vs.<br><br>MIDLAND CREDIT MANAGEMENT INC.<br><br>Defendant. | CIVIL ACTION NO.:<br><br><br><br><br>FEBRUARY __, 2017 |

## NOTICE OF REMOVAL

TO:  THE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Midland Credit Management, Inc. ("Defendant" or "MCM") hereby removes this action, which was originally commenced in the Superior Court of the State of Connecticut, Judicial District of Ansonia-Milford at Milford, styled *Matt Azzarito vs. Midland Credit Management Inc.* (the "State Court Action") by service upon Defendant on January 5, 2017.

As grounds for this removal, MCM submits the following:

1. This action is an action alleging violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and violation of Connecticut Unfair Trade Practices Act, C.G.S. §42-110a *et seq.* ("CUTPA'), *See* <u>Exhibit No. 1</u>, Summons and Complaint, dated January 4, 2017 and bearing a return date of February 28, 2017 (collectively, "Complaint").

**CONSENT TO REMOVAL**

2. MCM is the only named Defendant.

**TIMELINESS OF REMOVAL**

3. MCM was served on January 5, 2017. Accordingly, this Notice of Removal is timely filed within thirty (30) days of the date of service pursuant to 28 U.S.C. § 1446(b).

### THE VENUE REQUIREMENT IS MET

4. Venue of this removal is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division corresponding to the place where the state-court action is pending.

### FEDERAL QUESTION AT ISSUE

5. Plaintiff alleges purported claims under the FDCPA. *See, e.g.*, Compl. ¶¶ 20-22. Although Plaintiff has also asserted purposed claims under CUTPA, see *id.* at ¶ 24, pursuant to 29 U.S.C. § 1441(c)(1), the entire action may be removed as the action would be removable without the inclusion of the CUTPA claims.

6. Plaintiff's Complaint is removable to the United States District Court for the District of Connecticut because the Complaint presents a federal question. Specifically, 28 U.S.C. § 1331 provides that "district courts shall have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331. Plaintiff's claims provide the basis for this Court's jurisdiction as he has brought suit under the laws of the United States. Accordingly, Defendant is entitled to remove this action in accordance with 28 U.S.C. § 1441(a).

### NOTICE TO PARTIES AND TO THE CIRCUIT COURT

7. Written notice of the filing of this Notice of Removal is being served on counsel for Plaintiff.

WHEREFORE, Midland Credit Management Inc. respectfully requests that all persons take notice that the State Court Action, presently pending in the Superior Court of the State of

Connecticut, Judicial District of Ansonia-Milford at Milford, has been removed to the United States District Court for the District of Connecticut.

    DEFENDANT,
    MIDLAND CREDIT MANAGEMENT INC.,

By: _____
    Patrick J. Sweeney (ct23411)
    HOLLAND & KNIGHT, LLP
    31 W. 52nd Street
    New York, New York 10019
    Tel.: (212) 513-3200
    Fax: (212) 385-9010
    Email: patrick.sweeney@hklaw.com
    *Its Attorneys*

## CERTIFICATE OF SERVICE

I hereby certify that on February 3, 2017, I directed a copy of the foregoing Notice of Removal mailed, via e-mail, postage prepaid, to:

Peter M. Van Dyke
Eagan Donohue, Van Dyke & Falsey, LLP
24 Arapahoe Road
West Hartford, CT, 06107
*Counsel for Plaintiff*

　　　　　　　　　　　　　　　　　　　　　　／s/ Patrick J. Sweeney
　　　　　　　　　　　　　　　　　　　　　　Patrick J. Sweeney